Good morning. Good morning. Tracy Dressner for Petitioner Mike Du Trieu. I'm not sure how to pronounce it, but that's how I've always envisioned it in my mind. I'm going to reserve, if I can, a couple of minutes for rebuttal. Okay. I'll try to help you. I want to start with being clear what I'm seeking in this appeal. What I'm seeking is a remand for an evidentiary hearing. I will concede, acknowledge that Mr. Trieu has not established prejudice. What he did do was make a prima facie showing of prejudice in the state court, which should have resulted in an order to show cause in an evidentiary hearing. That didn't happen. You're talking about prejudice under Strickland? Prejudice under Strickland. Okay. But before I move to the prejudice, how he established the prima facie case of prejudice, I think we need to deal with the procedural bar issue because that does have a factor in it. We have a situation here where clearly this is a bizarre case, and Mr. Trieu had issues related to mental health. There were competency concerns at the trial and whatnot. And what happened was on his original appeal, his direct appeal from his conviction, his appellate attorney filed a Wendy brief, a no merits brief, which then allows the appellant to have the opportunity to file their own supplemental briefing on any issues. Mr. Trieu filed two supplemental appellate briefs, raising a total of seven claims. He then also filed a habeas petition in the appellate court, re-raising four of the seven claims that he filed in his appeal. The trial court consolidated, the appellate court consolidated those claims. The claims were all record-based, and the appellate court denied them. On the merits. On the merits. Right. Yeah, this was on his appeal. Right. This was on his appeal. Okay. Right. Then Mr. Trieu then filed two identical petitions for review, raising the same seven claims that had been at issue in the appellate court. Actually, he added an eighth claim. And the California Supreme Court treated one as a petition for review from the appeal and the other one as a petition for review from the habeas petition, which had been repetitive of the appellate brief, and denied both of those without citation or anything. So it denied those on the merits. I thought the California Supreme Court denied the petition as successive. Or you're not there yet. I'm not there yet. Okay. All right. I'm not there yet. So then, but you're absolutely correct. So then what happened is Mr. Trieu takes his claims to the district court. And the district court has a concern about Mr. Trieu's competency and appoints the Federal Public Defender to represent him. The Federal Public Defender then raised this claim that's before the court relating to the ineffective assistance counsel with the sanity trial. And the Federal Public Defender then raises this claim in the superior court, the appellate court, and the California Supreme Court. California Supreme Court denies the habeas petition with the citation to Clark, as we are familiar with from the previous argument. And but the pages that are cited, the pinpoint sites in that, Clark, are to the bar on second or successive petitions. There's two points related to that that are important to this Court. The first is that that was not a ruling on the merits. That was not an adjudication of the merits. The California Supreme Court, the last court, state court that reviewed this, made a reasoned decision, a Clark procedural bar. And so they never decided, the last court that issued a reasoned decision never decided the merits of this case, so therefore this Court's review is de novo. The second is that there was no second or successive bar. The California Supreme Court simply was wrong about it. Mr. Trujillo, as we must acknowledge, has mental health issues. What he filed, what he termed a habeas, was just a repetition of his appeal issues. He never had a true habeas. The habeas petition that was filed by counsel in this case is the only true opportunity Mr. Trujillo had to raise off the record habeas claim. Kennedy, let me ask you this. This is a case, I believe, where he represented himself in his first habeas filing in the State, right? He did, correct. Okay. So can he possibly get Martinez's cause and prejudice relief in that setting? Well, he could, but it he could. And I think he definitely would win on that. But it seems to me that There's no Sixth Amendment right to counsel in that setting, right, in a collateral appeal? Correct. Correct. But if you raise an, but Martinez says if you're raising an ineffective assistance counsel of trial, of trial counsel, and you did not have counsel in your first one, that Martinez, I think, would apply. And I do seek, if the Court is inclined to follow this procedural bar, I do seek a remand on Martinez. But this Court can also have the case But with respect, I want to understand your argument here. Okay. My understanding is that Martinez does not apply in a pro se situation where there's no constitutional right to defense. Do you agree with that? I don't believe so. That's not my understanding of What case or cases would you cite? I don't actually have a cite because I think I mentioned Martinez very briefly, but I don't think the Court ever really needs to get there. And the reason is in Cohn v. Bell, the United States Supreme Court says the federal court must ascertain whether a state's purported procedural bar has been applied correctly. And I just don't see how, if we're going to honor With respect, counsel, you're kind of dancing around this. You know, there's been a lot of issues about Clark and the associated cases, but the state has since adopted statutes that embody this. And I think the statutes apply equally. And it's pretty clear, I believe, that that bar applies. So I'm having trouble understanding how your client, if we sent it back, could get Martinez relief because he represented himself at this initial habeas proceeding. I'll be honest. I don't really have much to say about Martinez. I think I mentioned it maybe in a footnote in my brief because the point is that there was no second or successive. Mr. Trudeau never had a first habeas because his habeas, what he labeled as a habeas was merely a repetition of his appellate claims. Agreed. But he represented himself. He chose to do that. Now, you can say that was really foolish, whatever. But the bottom line is he's not entitled under the Sixth Amendment to have a lawyer represent him in a collateral proceeding. He chose to represent himself. I understand Martinez to apply only in a true IAC. Which he can't have an IAC against himself, can he? Well, I don't think that — well, first of all, he didn't choose to represent himself. He had appellate counsel who filed a Wendy brief, and then the Court gives you an opportunity, gives the pro per appellant an opportunity to file briefs, and Mr. Trudeau just labels one of his briefs as a habeas. And then he files these two identical petitions, and the California Supreme Court treats one of them as a petition for review from the habeas. But if we look at what really happened here, he only had appellate issues. Martinez must apply, and I'd be happy to file a supplemental brief on this, but it doesn't apply when you have counsel your first time around. So how could you not — so the most common occurrence when Martinez arises is when there's been a pro per habeas filing, and then you get appointed counsel, or you have some counsel, and they want to file an ineffective assistance counsel claim that wasn't raised the first time around, and they then become procedurally barred. And to me, that's right on par with what happened here. Although — Okay. Do you want to save your time, counsel? It's up to you. Entirely up to you. I will save the rest of my time. Okay. Thank you. We'll hear from the Attorney General. Thank you, Judge Smith. May it please the Court, Deputy Attorney General Michael Katz, respondent. This claim fails on the merits under any standard, and for the same reason, even if there's cause and prejudice that comes up, it definitely fails on the prejudice prong of cause and prejudice for the same reason strickland prejudice isn't proven. Now, over six years ago, the federal public defender, which is very thorough, started representing Petitioner. And we still have no evidence whatsoever to support Petitioner's claim that he met the state standard for insanity. Specifically, he said at a sentencing hearing in the excerpt of record at page that he suffered from PTSD. And yet, we have no report from Dr. Castellano. Petitioner said then that Dr. Castellano had a report. We could be sure that if there were Dr. Castellano, who filed a report in 2008 saying that Petitioner suffered from PTSD, we would see it and the district court would have seen it. And for the same reason, Petitioner's statement to Mr. Liu, who testified at his trial, on the sanity phase of his trial, that Petitioner told Mr. Liu that during the Vietnam War, someone told Petitioner he suffered from PTSD, that's not credible either. So, yes or no? I'm interested in your argument about prejudice under strickland, but I would first like you to address this issue. The court, the district court, proceeded directly to the merits in this case without considering whether there was a procedural bar. Does that have any impact on our review of the case? Do we look at the procedural bar issue ourselves first before we get to the strickland and prejudice issue? I don't think it matters, Your Honor, what order this court goes in. I mean, what I would say is that the procedural bar applies and it doesn't matter whether the state court was right or wrong in applying the procedural bar at this time. That's not the test. It matters whether it was independent and adequate, and this court and the Supreme Court have said that it is. If the procedural bar applies and it was not overcome, is that the end of the case? We don't even need to get to the prejudice, prong, and strickland? You could do it that way, Your Honor. That could be the end of the case. There's more than one way to resolve this case. I would urge this court, respectively, to finally decide that over seven years after Green v. Fisher in 2011, the U.S. Supreme Court said that the ADPA applies to the last state court decision on the merits. Every time this comes up, the parties brief it, and actually in the Fox case, which Petitioner cites in Petitioner's 28-J brief, Fox actually said we're not going to decide that issue again because, yes, Your Honor? Mr. Cass, notwithstanding your request of us, can we just stay for a minute on this issue of procedural default? Yes. Has the Ninth Circuit, has this court determined whether California's successive bar is an independent and adequate state ground? I know this court in Bennett has found California's timeliness bar has addressed the timeliness bar, but I'm not sure that this court has addressed the successive bar. I thought that it did, Your Honor. I don't have anything to add beyond the briefing as to why we said that it did. But that's our position based on the briefing, that this Court's precedents have determined that issue already. All right. Now, going to the merits, there seems to be some disagreement based on the supplemental authority that we received last month as to whether we review this claim de novo or under, you know, pursuant to the deference. Yes. What's your view on that? It's pursuant to deference, Your Honor. And this depends on the resolution of Green v. Fisher in 2011. And the Supreme Court pointed out that the statute at issue, the ADPA, uses the language that a federal court shall not grant a habeas petition regarding any claim that was adjudicated on the merits in state court unless the adjudication falls into two categories. So the term the adjudication within that statute 2254D has to refer back to the same term earlier in that sentence, the adjudication on the merits. That's what the Supreme Court said. It's not what our position is without any authority. The Supreme Court said that. And it said, so, therefore, the last reasoned decision on the merits from state court is entitled to deference. And so that's the answer, Your Honor. Okay. Do you concede that counsel's performance was deficient here? Yes. I'm sorry. Yes, we concede strongly. All right. Okay. So regarding prejudice, so there's no evidence at all that it meets the state standard for insanity. You have to show under the State of California. Yes, Your Honor. Before you go on, I just want to follow up my colleague's question. You concede that the first prong of Strickland was violated here. You're not conceding that prejudice was found, right? Right. And I don't recall the phrasing of the question, but I would say the performance was deficient, which is prong one. He asked you whether counsel was, you know, his performance was deficient. Yes. I just want to be sure I'm understanding you're talking about the first prong as opposed to the prejudice prong, because that's a whole different issue. And that was the intent of my question. No, I get it. Yeah, yeah. That's correct, Your Honor. Okay. Okay. So with regard to prejudice, what we have here is the state standard which says that he would have to show that based on a mental disease or defect, he either could not appreciate the nature or quality of his act, or he could not appreciate right from wrong. It's not just he's a strange person, which, unfortunately, he is. He has to fit into that category. He's always spoken highly of you. I don't know him. So if he spoke highly of me, that's further evidence that there's a problem. But it doesn't meet the insanity test, Your Honor. And if there were evidence of insanity, you would see it by now, after six and a half years of the Federal Public Defender representing him. In fact, two of the three experts who examined him for competency said that he does not have a serious mental disorder, and the third one didn't reach that issue at all. So what did True need to do, in your opinion, in order to establish prejudice? Did he need to introduce some evidence from mental health? I mean, how ‑‑ I'm trying to think about what he needed to do here to establish prejudice. Yes, Judge Christensen, that's what he had to do. He had to introduce some evidence from a mental health professional. There are two cases that we cite in our brief, and I'd like to just highlight them now. I see that I'm close to two minutes. One is Deer v. Cullen, where the claim in the Ninth Circuit was that the trial judge was mentally incompetent, and the Ninth Circuit rejected it, saying, you know, conspicuously absent is any declaration from a doctor. And then there's Gonzales v. Knowles, where the Ninth Circuit rejected a claim that the petitioner, who was convicted of a sexual offense, should have had ‑‑ his counsel was ineffective because he didn't raise in the sentencing hearing evidence that the petitioner suffered from a mental health problem. And again, the Ninth Circuit said, where's the evidence? There isn't any. You can't ‑‑ in both situations, they were asking for evidentiary hearings, as petitioner is here. And in both cases, the Ninth Circuit said, you can't go back for an evidentiary hearing if you don't have anything. And in this case, we've got nothing. After six and a half years from the federal public defender, you would have seen something by now, Your Honor, if there was anything. Was there any discovery done on that issue, to your knowledge, in the case? To my knowledge ‑‑ Mental condition. To my knowledge, Your Honor, there was no discovery, but independent of discovery, the petitioner has the option of asking the state courts for a mental health expert to be appointed to examine the petitioner, and that never happened. All three state petitions are in the supplemental excerpts of record, which we lodge. Nothing in there about a request from a health expert. Again, you could be sure that if there was any evidence, you would have seen it by now. The federal public defender is very thorough. And because there is no evidence whatsoever that a petitioner meets the state standard for insanity, we'd request that this court deny the claim. It could also deny the claim based on the procedural bar. Thank you very much. Thank you. Any other questions by my colleagues? None. Thank you very much. Counsel, you have a little rebuttal time. I'm interested in ‑‑ I don't want to use up your time here, but I wanted you to tell me what authority do you rely upon for the proposition that you could go back, even at this point when you produce no evidence on prejudice, and have a new shot at producing such evidence? I am going to answer that. Related to that, if I could, your initial question about Martinez, and I apologize for not having had the answer the first go around, but on pages 11 to 12 of Martinez it says that a prisoner asserting an ineffective assistance account of trial counsel claim in state postconviction proceedings needs an effective attorney. Therefore, the absence of an attorney in the initial postconviction proceeding can constitute cause for procedural default. That is why we could go back on Martinez. The ‑‑ I thought Martinez only applied to those states that prohibit raising an ineffective assistance of counsel claim on direct appeal. California has a ‑‑ California is not one of those states. They don't prohibit it, but they have a preference for it being raised there, and it certainly has applied in California cases, although I don't have them cited, but I know that they have ‑‑ Martinez has certainly been used in California cases. How you go back, we don't know why. There is nothing, despite the nice accolades for the Federal Public Defender's Office, the Federal Public Defender's Office was appointed at the 11th hour by the district court. We don't know what happened. There is nothing in the record that indicates whether there was ever any attempt to have him evaluated. What we do know is that his attorney pled not guilty by insanity and never had him evaluated. The citations that he made to the other doctors, that the attorney general cited to the other doctors, none of those evaluations were in the context of sanity. One of the competency psychologists said, Mr. Trieu has numerous physical ailments and he's on numerous medications which can cause neurocognitive deficits and mental health issues, and they should be explored further. To this day, that has never happened. He made his allegations of why, just the fact that he's 70 years old with no prior mental health history, no prior criminal, I'm sorry, no prior criminal history, and he inexplicably stabs his doctor he's been going to for 14 years so he had a good relationship. Then his questions about his competency by the trial court. Two different times there's a doubt declared about his competency. You're a little over time, so just wrap it up. So those are the reasons that they've made a prima facie case that this man has some mental disorder that led to his involvement in the stabbing, and he should have an opportunity to now have some funding and an ability to have an evaluation, and let's find out whether he was insane or not. All we need is an evidentiary hearing, and that's what he's asking for here. Thank you. Thank you. Any other questions by my colleagues? None. Thank you both for your argument. The case just argued is submitted.
judges: Fernandez, M. Smith, Christensen